NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada

Chantal Jenkins, PASBN 307531
Special Assistant United States Attorney
160 Spear Street, Suite 800
San Francisco, California 94105
Telephone: (415) 977-8931
Facsimile: (415) 744-0134
E-Mail: Chantal.Jenkins@ssa.gov

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ZAKKARY C. EREVIA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>ANDREW SAUL,<br>Commissioner of Social Security,<br><br>　　　　Defendant. | Case No.: 2:20-cv-01153-VCF<br><br>**UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE CERTIFIED ADMINISTRATIVE RECORD AND ANSWER; DECLARATIONS OF JEBBY RASPUTNIS AND CHRISTIANNE VOEGELE; PROPOSED ORDER**<br><br>(*SECOND REQUEST*) |

　　　　Defendant, Commissioner of Social Security (Commissioner), by his undersigned attorneys, respectfully moves this Court for an extension of sixty (60) days in which to file the Answer in this case, for good cause shown. This is Defendant's second request for an extension. Counsel for Defendant advised counsel for Plaintiff of the need for this extension on February 5, 2021. Counsel for Plaintiff confirmed on February 8, 2021 that Plaintiff does not object to this request.

　　　　Defendant makes this request in good faith and for good cause, because the eCAR, which must be filed with the Answer and is necessary to adjudicate the case, is not yet available. The

public health emergency pandemic caused by COVID-19 has significantly impacted operations in the Social Security Administration's Office of Appellate Operations (OAO) in Falls Church, Virginia, which is responsible for producing the eCAR that must be filed with the Answer, per 42 U.S.C. §§ 405(g) and (h).  Prior to the COVID-19 pandemic, to safeguard Personally Identifiable Information (PII), all hearing recordings, which are part of the administrative record, were downloaded onto compact discs and encrypted.  OAO securely routed the encrypted discs to a private contractor through a daily pickup and delivery service at the Official Duty Station (ODS) in Falls Church, Virginia.  The private contractor would transcribe the hearing recording and send the paper copy of the hearing transcript back to OAO.  OAO personnel would then scan the hearing transcript into the electronic record or place the hearing transcript in the paper case file.  Thereafter, OAO personnel would assemble the administrative record in a prescribed order.  After the advent of COVID-19, the Agency has taken a number of concrete steps to transition its years-old in person CAR preparation process to a fully virtual one.

As detailed in the attached declarations from Jebby Rasputnis, Executive Director of the OAO, and Christianne Voegele, Chief of the Court Case Preparation and Review Branch 1, and Acting Chief of the Court Case Preparation and Review Branch 3, of OAO, OAO has been actively pursuing mitigation efforts to allow the remote preparation of administrative records to ensure a continuity of operations.  For cases in which the private contractors were already in possession of hearing recordings for transcription, with the assistance of the Office of Acquisitions and Grants (OAG), OAO received approval to receive these transcripts from the private contractors via secured email, e.g., using password protection and redacted Social Security Numbers.  In April 2020, OAO began receiving such hearing transcripts from private contractors via secured email.

For cases in which OAO had not yet submitted recordings to the private contractors before March 16, 2020, OAO has been pursuing all available options to obtain transcriptions for these cases.  In May 2020, OAO began encrypting hearing recordings and securely emailing

them to the contractors for transcription. Through the month of May, OAO and the contractors worked to resolve technical issues that arose, particularly with large files.

As indicated by the Rasputnis declaration, the Commissioner must navigate and overcome five simultaneous challenges as it transitions the preparation of eCARs from an in-person process to a completely virtual one:

1. Obtaining the appropriate technology, subject to Federal purchasing rules;

2. Retraining staff on the new procedures and new technology, which differ quite dramatically from the old ones;

3. Adhering to the Federal government protections for personally identifiable information (PII);

4. Working with outside vendors for transcription services, including obtaining a new vendor subject to Federal contracting rules; and

5. Completing security clearance processes for any new employees *and* any employees of new vendors before allowing access to PII and other sensitive information of the vendors. While the agency has worked hard to overcome challenges related to this transition, the agency estimates that it is producing CARs at approximately one-third of the level of production pre-COVID, with the hopes of increasing that rate over the next several weeks.

In March, April, and May 2020, during the initial stages of the pandemic, Defendant requested a 90-day extension when the CAR was unavailable. Now that OAO has regained some capability of producing transcripts, the Commissioner has reduced the length of extension requested to 60 days. In this case, given the volume of pending cases, Defendant requests a 60-day extension in which to respond to the Complaint.

Accordingly, Defendant requests a second extension of 60 days in which to file the Answer, changing the date on which the Answer is due from the current due date of February 8, 2021, to the new due date of April 9, 2021.

| | |
|---|---|
| Dated: February 8, 2021 | Respectfully submitted, |
| | NICHOLAS A. TRUTANICH<br>United States Attorney |
| | /s/ *Chantal R. Jenkins*<br>Chantal R. Jenkins<br>Special Assistant United States Attorney |

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: ___2-23-2021___

1

# CERTIFICATE OF SERVICE

On the date set forth below, I caused a copy of the foregoing **UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE CERTIFIED ADMINISTRATIVE RECORD AND ANSWER (SECOND REQUEST); DECLARATIONS OF JEBBY RASPUTNIS AND CHRISTIANNE VOEGELE; PROPOSED ORDER** on the date and via the method of service identified below:

**CM/ECF:**

Cyrus Safa
Law Offices of Lawrence D. Rohlfing
12631 E. Imperial Highway, Suite C-115
Santa Fe Springs, CA 90670

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  February 8, 2021

/s/ *Chantal R. Jenkins*
CHANTAL R. JENKINS
Special Assistant United States Attorney

DECLARATION OF JEBBY RASPUTNIS
OFFICE OF APPELLATE OPERATIONS
SOCIAL SECURITY ADMINISTRATION

I, JEBBY RASPUTNIS, Executive Director of the Social Security Administration's Office of Appellate Operations (OAO), declare and state as follows:

1) My office is responsible for, among other things, preparing certified copies of administrative records (CARs) for Federal court review when claimants appeal the final decisions of the Commissioner of Social Security.

2) Beginning in mid-March, the Social Security Administration restricted physical access to our buildings because of the COVID-19 pandemic. In order to protect the health and safety of our employees and our community, we have kept our employees on maximum telework, only authorizing limited in-office work since that time. The OAO's office in Falls Church, Virginia – which is home to OAO's Division of Civil Actions (DCA) – is included in this restriction. Prior to the pandemic, DCA staff worked out of the Falls Church office, with the support of three contracted transcription typing services, to complete CARs using a manual paper process.

RECENT PROGRESS IN PRODUCING CARs

3) After much work, we have redesigned our business processes to allow for a mostly virtual CAR preparation process. These new approaches required us to modify and test technology, retrain staff, and modify blanket purchasing agreements with the transcription typing services we rely on for transcripts of agency hearings. It has taken us some time and more than one try, but we now have a virtual process that has enabled us to ramp up our CAR production commensurate with the capacity of our transcription typing services.

Page **1** of **4**

4) The effects of the COVID-19 pandemic also resulted in staffing and processing problems for our transcript typing service contractors. These contractors are a necessary part of the CAR preparation process because the agency did not have staff to produce hearing transcripts. The agency is supporting its existing contractors in hiring new staff by expediting their suitability investigations and credentialing.

5) We have historically only worked with three contracted transcript typing services, but in September 2020, we brought two additional contracts online. We are now working with five contracted transcription typing services who are adding capacity, and we have trained in house staff to complete transcriptions.

6) We continuously assess staffing needs within our DCA branches. As part of our internal transcription augmentation effort, in late 2020 we transferred approximately 50 staff members to the DCA branches, we are hiring additional Civil Actions Assistants to process this workload, and we are preparing for additional internal staff transfers.

CURRENT CHALLENGES

7) <u>Backlog</u>: The backlog of work that built up during the past seven months is daunting. At the end of January, we had more than 11,100 new court cases waiting to be processed. We publish quarterly workload information at https://www.ssa.gov/appeals/DataSets/08_National_New_Court_Cases_and_Remands.html. Although we are now producing CARs at/above our pre-pandemic levels, the number of new complaints in the district courts has also increased. As a result, we continue to take steps, such as adding staff and augmenting vendor capacity, as well as piloting new and improved ways to increase our transcript production capacity. In the first quarter of fiscal year 2021, we processed 5,270 cases. As comparison, in the first

quarter of last fiscal year we produced 4,098 cases and in the first quarter of fiscal year 2019 we produced 3,970.

8) <u>Prioritizing Cases Using the New Process</u>: Due to our change to a new electronic processing system, our staff had difficulty separating the oldest cases from the newer cases when transmitting audio files to the contracted transcription typing services. Although we now have an organizational system to identify older cases for processing by our contract typing services, each contractor works at a different speed based on their individual staffing challenges. As our organization system continues to improve the processing order, we expect that disparities between case filing dates and CAR completion dates will decrease. We continue to focus our efforts on processing the most aged cases.

9) <u>Capacity of Contracted Transcription Typing Services</u>: Despite our best efforts to assist, the pandemic has adversely impacted the contractors' capacity to perform their transcription services. We have been working with the existing contractors to increase their capacity, and have effectuated two new contracts. However, our contractors have finite capacity to deliver hearing transcripts. The pandemic's impact on the contractors' workforce remains outside of our control.

10) Overall, the timeframe for delivering a CAR in any individual case has improved. Although we remain subject to some constraints, we continue to work on increasing productivity to the best of our ability. We ask for continued patience as we work to increase our production of CARs, and address rising court case filings.

In accordance with 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated February 04, 2021          /s/ *Jebby Rasputnis*
                                 Jebby Rasputnis

Page **4** of **4**

DECLARATION OF CHRISTIANNE VOEGELE
OFFICE OF APPELLATE OPERATIONS
SOCIAL SECURITY ADMINISTRATION

I, CHRISTIANNE VOEGELE, Chief of Court Case Preparation and Review Branch 1, and Acting Chief of Court Case Preparation and Review Branch 3, of the Social Security Administration's Office of Appellate Operations (OAO), declare and state as follows:

(1)     Under direct delegation from the Commissioner of Social Security, the Office of Hearings Operations (OHO) administers a nationwide hearings program, and OAO administers a nationwide appeals program.  OHO includes the Administrative Law Judges who hold hearings on claims arising under Titles II and XVI of the Social Security Act, as amended, when a claimant who is dissatisfied with their administrative determination requests a hearing.  OAO includes the Appeals Council, which reviews claims when a claimant is dissatisfied with the decision rendered by an Administrative Law Judge.  OAO also provides professional and technical advice to the Deputy Commissioner and Administrative Appeals Judges of the Appeals Council in the processing of cases in which a claimant has filed a civil action.

(2)     One function of the Appeals Council is to act on requests for review of hearing decisions made by Administrative Law Judges and to either grant, deny or dismiss any such request.  Under the regulations of the Social Security Administration, if the Appeals Council denies a timely request for review of a hearing decision, that hearing decision becomes the "final decision" within the meaning of, and subject to, the provisions for judicial review in section 205(g) of the Social Security Act, as amended (42 U.S.C. section 405(g)).  The first sentence of that section reads as follows:

> "Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may

See Next Page

obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.***"

(3) I am responsible for the processing of claims under Titles II and XVI of the Social Security Act, as amended, whenever a civil action has been filed in the Fourth, Sixth, Seventh, Ninth, Eleventh, and District of Columbia judicial circuits. As described below, OAO's business processes are true to the best of my knowledge and belief.

a) If a civil action is properly commenced, the third sentence of 42 U.S.C. 405(g) states the following: "As part of the Commissioner's answer[,] the Commissioner shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based." On behalf of the Commissioner of the Social Security Administration, OAO personnel are responsible for preparing a certified copy of the transcript of the record.

b) Upon notification of the civil action by the U.S. Attorney's Office or the Social Security Administration's Office of General Counsel, OAO personnel must locate and retrieve the plaintiff's claim(s) file, which is in either a paper or electronic format. The file contains both evidentiary and procedural documents, and the recording of any hearing held before an Administrative Law Judge.

c) Upon locating the file, OAO personnel determines if the claimant timely filed the civil action and, if so, routes the recording of the hearing to a private contractor for transcription.

d) Historically and prior to the COVID-19 pandemic, to safeguard Personally Identifiable Information (PII), all hearing recordings were downloaded onto compact discs, and these discs were encrypted. OAO securely routed the encrypted discs to a

See Next Page

private contractor through a daily pickup and delivery service at the Official Duty Station (ODS) in Falls Church, Virginia. The contractor is responsible for all tasks necessary for transcription typing services. It is estimated that an average hearing lasts 45 minutes and results in an average of 33 pages of transcript. Each transcript contains a certification statement by a transcriber and proofreader. Transcription of a hearing recording can take up to 20 business days, but is generally transcribed in 5-10 business days. After the contractor transcribed the hearing recording, a paper copy of the hearing transcript was sent back via a delivery service to the ODS in Falls Church, Virginia. OAO personnel would then scan the hearing transcript into the electronic record or place the hearing transcript in the paper case file. Thereafter, OAO personnel would assemble the administrative record in a prescribed order.

e) Most cases are adjudicated using the Social Security Administration's Electronic Disability Collect System (EDCS). Even using EDCS, most cases historically required physical, in-house scanning and uploading of hearing transcripts. This work was performed at the ODS.

f) Even for cases using EDCS that are in electronic format, many jurisdictions require encrypted compact discs and paper copies of the certified administrative record. All paper copies are produced at the ODS, and all compact discs and paper copies are shipped via United States Parcel Service from the ODS.

g) Due to the COVID-19 pandemic, OAO staff are not currently authorized to report to the office due to health and safety concerns. On or about March 16, 2020, OAO began working remotely. Consequently, OAO had been unable to complete certified administrative records on any cases that required in-office work at the ODS,

See Next Page

including any cases in which the transcript(s) of the hearing recording(s) had not already been uploaded to the electronic file.

h) To ensure a continuity of operations, OAO has been actively pursuing mitigation efforts to allow the remote preparation of as many administrative records as possible.

    a. For cases in which the private contractors were already in possession of hearing recordings for transcription, with the assistance of the Office of Acquisitions and Grants (OAG), OAO received approval to receive these transcripts from the private contractors via secured email, e.g., using password protection and redacted Social Security Numbers.  In April 2020, OAO began receiving such hearing transcripts from private contractors via secured email.

    b. Subsequently, OAO consulted with OAG and the Office of the General Counsel, and obtained approval for a new process to replace encrypted compact discs.  In May 2020, OAO began encrypting hearing recordings and securely emailing them to the contractors for transcription.  Through the month of May, OAO and the contractors worked to resolve technical issues that arose, particularly with large files.  The process is functioning now, albeit at a fraction of normal productivity.

i) OAO plans to continue to explore all options available to complete the preparation of certified electronic records during the COVID-19 pandemic.

j) OAO generally prioritizes the preparation of the certified administrative records based on receipt dates, with the oldest receipt dates processed first.  OAO will work to ensure the oldest pending cases, including court remands and final decisions, are given priority processing.

See Next Page

In accordance with 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

 June 17, 2020
Date

CHRISTIANNE VOEGELE